# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DELON JOHNS,
        Appellant,

v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
SF-315H-18-0043-I-1

DATE: April 30, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Steven E. Brown</u>, Esquire, Westlake Village, California, for the appellant.

<u>Chung H. Han</u>, Esquire, Los Angeles, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal as moot. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant filed this appeal of the agency's decision to terminate him from his Police Officer position. *Johns v. Department of Veterans Affairs*, MSPB Docket No. SF-315H-18-0043-I-1, Initial Appeal File (0043 IAF), Tab 1. The agency submitted evidence that it had rescinded the termination, restored the appellant to duty, and paid him back pay and benefits. 0043 IAF, Tab 12 at 7, Tab 17 at 6-7, Tab 20 at 7-8. The appellant, through counsel, indicated that he did not oppose the dismissal of the appeal as moot. 0043 IAF, Tab 22 at 4. On February 20, 2018, the administrative judge issued an initial decision dismissing the appeal as moot. 0043 IAF, Tab 23, Initial Decision (ID) at 1. Therein, the administrative judge informed the appellant that the initial decision would become final on March 27, 2018, if neither party filed a petition for review. ID at 3. No timely petition for review was filed.

Approximately 2 years and 8 months later, on November 25, 2020, the appellant filed a new appeal challenging various matters including, among other things, his uniform allowance, denial of overtime, the timing of step increases, and issues with his accrual of leave. *Johns v. Department of Veterans Affairs*, MSPB Docket No. SF-3443-21-0104-I-1, Initial Appeal File (0104 IAF), Tab 2 at 7, Tab 12 at 3, Tab 13 at 3-4. The administrative judge dismissed that appeal for lack of subject matter jurisdiction, and the appellant filed a petition for review. While that matter was pending on review, the appellant clarified that he had intended some of his arguments to be a challenge to the February 20, 2018 initial decision dismissing this termination appeal as moot. *Johns v. Department of Veterans Affairs*, MSPB Docket No. SF-3443-21-0104-I-1, Petition for Review (0104 PFR) File, Tabs 5-6. Thus, some of his pleadings were docketed as a petition for review in this termination appeal. *Johns v. Department of Veterans Affairs*, MSPB Docket No. SF-315H-18-0043-I-1, Petition for Review (0043 PFR) File, Tabs 1-4. The Clerk's Office notified the appellant of the issue regarding

the timeliness of his petition for review, but the appellant has not responded to that notice. 0043 PFR File, Tab 4.

### DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision, or if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). Here, the initial decision was issued on February 20, 2018, and correctly informed the appellant that the deadline to file a petition for review was March 27, 2018. ID at 3. The appellant did not file his petition for review until November 25, 2020, approximately 2 years and 8 months after the filing deadline. 0043 PFR File, Tabs 1, 4. Accordingly, his petition for review is untimely filed.

The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. § 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4. To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and the party's showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Id.*

The Office of the Clerk of the Board notified the appellant that his petition for review appeared untimely filed and directed the appellant to submit a motion asking the Board to accept his petition for review as timely filed or to waive the

time limit for good cause, accompanied by a statement signed under penalty of perjury or an affidavit showing either that his petition was timely filed or that there is good cause for the late filing. 0043 PFR File, Tab 4 at 1-2. The appellant did not submit a motion or signed statement in response to that notice. Nevertheless, his petition for review and supplements contain attestations and declarations under the penalty of perjury that his assertions therein are from his personal knowledge and are true and correct. 0043 PFR File, Tab 1 at 2, Tab 2 at 3, Tab 3 at 3. Thus, we have considered those pleadings to the extent they contain assertions related to the issues of timeliness and whether good cause exists to waive the filing time limit. *Cf.* 5 C.F.R. § 1201.114(g) (requiring a motion to waive the petition for review filing time limit to be accompanied by an affidavit or sworn statement under the penalty of perjury).

Despite the appellant's pro se status, we find that the delay of approximately 2 years and 8 months in filing his petition is lengthy.[2] *See Wirzberger v. Department of the Treasury*, 101 M.S.P.R. 448, ¶ 8 (2006) (noting that a 1-year delay in filing a petition for review was significant, even when considering an appellant's pro se status). The appellant alleges that the underlying termination appeal is not moot because he did not receive the correct back pay resulting from the agency's rescission of the removal action, including the correct pay step, uniform allowance, and annual and sick leave. 0043 PFR File, Tab 1 at 7, Tab 2 at 3, Tab 3 at 3. In a pleading dated December 30, 2020, the appellant asserts that he did not learn of this error until "a few months ago," which prompted his untimely filed petition for review. 0043 PFR File, Tab 2 at 3. The appellant's claim that he did not realize that he had grounds for a petition for review does not establish good cause for the untimely filing of his petition. *See Damaso v. Office of Personnel Management*, 86 M.S.P.R. 371, ¶ 5 (2000). Similarly, the discovery of, or the decision to pursue, a new legal argument after

---

[2] Although the appellant was represented before the administrative judge, he appears to be proceeding pro se on review. 0043 PFR File, Tab 2 at 1, Tab 3 at 1.

the period for filing a petition for review has expired does not constitute good cause for a delayed filing. *Id.* When the initial decision was issued, the appellant was represented by counsel, who asserted on the appellant's behalf at that time that the appellant "no longer opposes the dismissal of this appeal as moot." 0043 IAF, Tab 22 at 4. That was the time for the appellant to confirm that he had received all of the relief to which he would have been entitled had he prevailed in this appeal. We see no indication from his submissions that he could not have discovered the alleged discrepancies in his pay, uniform allowance, or leave at that time. He has not alleged or shown that the agency engaged in any fraud, misrepresentation, or deception that impeded any effort by him or his counsel to confirm those matters. Under these circumstances, we find that he has failed to demonstrate good cause for waiving the time limit.[3]

The appellant's remaining arguments involve the merits of the mootness issue. *E.g.*, 0043 PFR File, Tab 1 at 4-15. These arguments do not concern the timeliness of his petition for review, and we therefore decline to consider them.[4] *See Brame v. Department of Veterans Affairs*, 98 M.S.P.R. 224, ¶ 5 (2005).

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness

---

[3] To the extent that the appellant has attempted to characterize his petition as seeking agency compliance with the administrative judge's order resolving this termination appeal, we find no basis for considering it as such. The administrative judge dismissed the appeal as moot, and the initial decision did not order the agency to provide any relief to the appellant. ID at 3. Thus, there is no basis for considering this as an enforcement matter. 5 C.F.R. part 1201, subpart F.

[4] As discussed, the appellant filed a separate appeal challenging various alleged actions including, among other things, the agency's alleged failure to pay him at the correct step level and correctly pay his uniform allowance. 0104 IAF, Tab 2. The administrative judge issued an initial decision dismissing that appeal for lack of jurisdiction, and the appellant filed a petition for review. 0104 IAF, Tab 15, Initial Decision (Jan. 14, 2021); 0104 PFR File, Tab 1. The Board will address that petition for review in a separate order in *Johns v. Department of Veterans Affairs*, MSPB Docket No. SF-3443-21-0104-I-1.

of the petition for review. The initial decision remains the final decision of the Board regarding the mootness issue.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.